UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-10280-JLS-MAA                                    Date: January 09, 2025
Title:  Rafael Quijano v. Apollo Syndicate Management Limited et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 15)**

   Before the Court is Plaintiff Rafael Quijano's Motion to Remand.  (Mot., Doc. 15.)  Defendant Apollo Syndicate Management Limited opposed, and Quijano replied.  (Opp., Doc. 31; Reply, Doc. 34.)  Having taken this matter under submission, and for the following reasons, the Court GRANTS Quijano's Motion and REMANDS the action to the Superior Court of California for the County of Los Angeles, Case No. 24STCV27785.

**I.     BACKGROUND**

   On October 23, 2024, Quijano filed a lawsuit in the Superior Court of California for the County of Los Angeles against Defendants Apollo Syndicate Management Limited ("Apollo"), Price Forbes Re (USA) Inc. ("Price Forbes"), ABD Insurance & Financial Services, Inc. ("ABD Insurance"), and Does 1 to 50 (collectively, "Defendants").  (Ex. C to Notice of Removal ("NOR"), Compl., Doc. 1-3.)  Quijano served Price Forbes and ABD Insurance on October 24, 2024, and Apollo on October 28, 2024.  (Docs. 12–14.)  Quijano asserts claims for breach of contract and breach of the covenant of good faith and fair dealing against Defendants for failing to pay underinsured motorist benefits provided for under an automobile insurance policy (the "Policy").  (Compl. ¶¶ 17–24.)  The Policy identifies ABD Insurance as the "Overseas Broker" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-10280-JLS-MAA                                                          Date: January 09, 2025
Title: Rafael Quijano v. Apollo Syndicate Management Limited et al

the "Surplus Line Broker[;]"[1] ABD Insurance is not a party to the Policy. (Ex. A to NOR, Insurance Policy, at 10, Doc. 1-1; *see also* NOR ¶ 21, Doc. 1.) Quijano seeks damages, interest, costs, attorney's fees, and declaratory relief. (NOR ¶¶ 25–26; *see also id.* at 8.)

Apollo removed this action to federal court on November 27, 2024, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (NOR ¶ 16.) Apollo asserts that removal is proper because the amount in controversy exceeds $75,000 and Quijano is domiciled in Mexico, Apollo is a citizen of the United Kingdom, and Price Forbes is a citizen of Delaware and Connecticut. (*Id.* ¶¶ 17, 24.) Even though Defendant ABD Insurance is a citizen of California, Apollo argues that ABD Insurance is a fraudulently joined defendant and can be disregarded for the purposes of deciding jurisdiction. (*Id.* ¶ 18.)

## II.  LEGAL STANDARD

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. 28 U.S.C. § 1332(a). However, a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2007).

---

[1] "A 'surplus lines broker' is licensed to place business with *nonadmitted* insurers (i.e., those that have not submitted to California regulation and supervision)." Croskey, et al., *Cal. Practice Guide: Insurance Litigation* ¶ 2:30.9 (The Rutter Group 2024)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-10280-JLS-MAA                                      Date: January 09, 2025
Title:  Rafael Quijano v. Apollo Syndicate Management Limited et al

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).  An exception to the complete diversity rule exists where a non-diverse defendant is a "sham defendant" or has been "fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"Fraudulent joinder is a term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Actual fraud is not required: a defendant may establish fraudulent joinder by showing that the plaintiff cannot "establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044 (internal quotation marks omitted).  But "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Dejillo v. Wells Fargo Bank, N.A.*, 2015 WL 5187344, at *2 (N.D. Cal. Sept. 4, 2015) (quoting *Hunter*, 582 F.3d at 1046).  Indeed, "joinder is fraudulent only when it is 'obvious according to the settled rules of the state that a plaintiff has failed to state a claim against a joined defendant.'" *Salgado-Lopez v. Ford Motor Co.*, 2020 WL 564248, at *3 (N.D. Cal. Feb. 5, 2020) (cleaned up) (quoting *Hunter*, 582 F.3d at 1046).  "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548.

### III.   ANALYSIS

Apollo argues that ABD Insurance is fraudulently joined because there is no possibility that Quijano can prove a claim against ABD Insurance.  (NOR ¶¶ 19–22; Opp. at 4.)  Specifically, because there is no contract between ABD insurance and Quijano, and because Plaintiff's Complaint makes no allegations that ABD Insurance was enlisted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-10280-JLS-MAA                                             Date: January 09, 2025
Title:  Rafael Quijano v. Apollo Syndicate Management Limited et al

to do something and failed to do it, Apollo asserts that Quijano's two contract-based claims must be dismissed.  (NOR ¶¶ 19–20, Opp. at 4–6.)  Likewise, because ABD Insurance is not a party to the Policy under which Quijano claims he is entitled to underinsured motorist benefits, Apollo contends that Quijano cannot request a judicial declaration of coverage under the policy against ABD Insurance.  (NOR ¶ 21, Opp. at 4.)

Under California law, "only a signatory to a contract may be liable for any breach."  *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citing *Clemens v. American Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987)).  ABD Insurance is not a party to the Policy.  (*See generally* Insurance Policy; *see also* NOR ¶ 21.)  The fact that Quijano cannot state contract-based claims against Apollo, however, does not end the Court's inquiry.

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *LCAP Advisors, LLC v. Penrith Group, Inc.*, 2011 WL 1375572, at *3 (C.D. Cal. Apr. 11, 2011).  It must also "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Id.* (internal quotation marks omitted).  "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Id.* (internal quotation marks omitted); *see also Reitz v. FCA US LLC*, 2021 WL 1905049, at *3 (C.D. Cal. May 11, 2021) (Staton, J.) (concluding that the possibility of amendment of the complaint must be taken into consideration where fraudulent joinder is alleged).

Under California law, brokers of insurance like ABD Insurance owe a duty of care to insureds and claimants when insurance is placed with a nonadmitted insurer and that insurer is insolvent.  *Nowlon v. Koram Ins. Ctr., Inc.*, 1 Cal. App. 4th 1437, 1447 (1991); *see also* Croskey, et al., Cal. Practice Guide: Insurance Litigation ¶¶ 2:64, 2:64.1 ("[A]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-10280-JLS-MAA                                                          Date: January 09, 2025
Title:  Rafael Quijano v. Apollo Syndicate Management Limited et al

broker placing insurance directly with a nonadmitted insurer (rather than through a surplus lines broker) may be personally liable if the insurer becomes insolvent. The broker's liability includes both claims by the insured and claims by third parties injured by the insured."). Here, Apollo has not negated the possibility that Quijano can assert a claim against ABD Insurance because ABD placed insurance with a nonadmitted insurer and Apollo has not shown that the insuring entity is solvent. (*See* Mot. at 14; Reply at 3.) Given that California law does not bar recovery against ABD Insurance, "there is a non-fanciful possibility that [Quijano] can state a claim under state law against [ABD Insurance]" and would be given the opportunity to amend the Complaint to do so by the state court. *Hudgens v. New York Life Ins. Co.*, 2009 WL 782312, at *3 (C.D. Cal. Mar. 17, 2009) (internal citation and quotation omitted). Thus, ABD Insurance is not fraudulently joined, and because ABD Insurance is a citizen of the State in which the action is brought, the case cannot be removed on the basis of diversity jurisdiction.

**IV.      CONCLUSION**

For the foregoing reasons, the Court GRANTS Quijano's Motion and REMANDS this action to the Superior Court of California for the County of Los Angeles, Case No. 24STCV27785.

Initials of Deputy Clerk: kd